*1373 The opinion of the court was delivered by
Miller, J.
The relator applies for these writs to- arrest proceedings in the Criminal District Court on an information charging him with the violation of Act No. 18 of 1886, known as the Sunday Law. He filed a general demurrer, which being overruled, he seeks in this court the writs on the ground that the Criminal District Court has no jurisdiction of the charge preferred in the information.
The act besides requiring the closing on Sunday of all stores, -saloons and other places of public business, forbids the sale, bartering, giving or delivering on Sunday of any of the stock or articles kept in such establishments. There is an exception of hotels, boarding houses, restaurants and some other establishments, the necessity of keeping open, the statute recognizes; but there is the prohibition of the sale therein of all intoxicating drinks, qualified by the permission that hotel keepers and boarding houses may serve wine for table use for their guests. The sale or delivery of malt liquors is not within the permission, and the prohibition of such liquors is repeated along with the permission as-to wine.
The offence charged in the information is that the relator, as the keeper of a restaurant, sold, bartered and delivered on his premises, on Sunday, malt liquor to his guest. The general demurrer must be taken to admit the occupation of the relator as charged in the information.
The argument for relator in this court is, that he keeps a hotel with restaurant attached, that the law permits the hotel keeper to -sell wine; that wine includes beer; hence there is no offence charged and no jurisdiction to try or punish him.
The argument is based on the theory that defendant is a hotel keeper, and the inferences from that assumption. We have no knowledge of his occupation, except that afforded by the information. That charges him not as of the occupation assumed in the argument, but as the keeper of a restaurant. Our inquiry, confined on this application to the face of the papers, is, whether the Orimina District Court had jurisdiction of the offence charged. Set out, as the charge is in the words of the statute, and met by demurrer, the statute and the previous decision of this court must be deemed to answer affirmatively the only question submitted to us. State ex rel. Walker & Merz vs. Judge, 39 An. 132.
This view relieves us from the necessity of considering the issues *1374 sought to be raised, that as a hotel keeper, the relator can serve his customer with beer under the permission to sell only wine, in connection with which we have had an elaborate argument to show the absence of any reasons to permit the sale of wine and prohibit that of beer. We take occasion to say that the reason for distinctions of this character is with the Legislature, and courts must take the law when plain in its terms as it comes from the lawmaker. But we omit any opinion on this defence urged in the argument, based as it is on the asserted occupation of relator, not shown by the record, and which we can not assume, but must take it as exhibited in the information.
The previous order made on this application is set aside, and the application is denied.